UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIED SHIPYARD INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2744** |
| **LOGAN MOORE** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are Plaintiff Allied Shipyard Inc.'s Motion to Remand (Doc. 8) and Defendant Logan Moore's Motion to Consolidate Cases (Doc. 9). For the following reasons, Plaintiff's Motion is GRANTED, and Defendant's Motion is DENIED AS MOOT.

### BACKGROUND

Plaintiff Allied Shipyard Inc. filed this action in the 17th Judicial District Court for Louisiana seeking payment from Defendant Logan Moore pursuant to an Act of Continuing Guaranty that obligates Moore to pay Plaintiff for debts not paid by Marlin Oilfield Divers, Inc. ("Marlin"). Plaintiff and Marlin entered into an agreement for Plaintiff to provide Marlin with certain materials and services for the benefit of its vessel, the M/V IRON MAIDEN. Plaintiff alleges that Marlin has failed to pay the amount owed under the contract, and it has sought that amount from Moore in this action. Moore removed the suit against

1

him to this Court on the basis of admiralty jurisdiction. Prior to Plaintiff's state court suit, Marlin, of which Moore is president and CEO, filed an action in this Court seeking a declaratory judgment that it does not owe any amount to Plaintiff because Plaintiff's work resulted in a fire that damaged the M/V IRON MAIDEN.[1]

There are two motions now pending in this matter. First, Plaintiff moves for remand back to state court and for attorney's fees and costs for the prosecution of this motion. Second, Defendant seeks to consolidate this action with Marlin's earlier suit against Plaintiff.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4]

## LAW AND ANALYSIS

Plaintiff moves for remand of this action, arguing that this Court does not have jurisdiction pursuant to the "savings to suitors" clause of 28 U.S.C. §

---

[1] Marlin Oilfield Divers, Inc. v. Allied Shipyard, Inc. (No. 20-2431).

[2] 28 U.S.C. § 1441.

[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[4] *Manguno*, 276 F.3d at 723.

1333. Section 1333 states that district courts have original jurisdiction over general maritime claims "saving to suitors in all cases all other remedies to which they are otherwise entitled." Under the "saving to suitors" clause, general maritime law claims filed in state court were traditionally non-removable.[5] Defendant argues that the 2011 amendments to 28 U.S.C. § 1441 changed the law so that general maritime law claims are now removable. The weight of courts considering this issue, however, has disagreed.[6]

Although the Fifth Circuit has not yet offered guidance on whether the 2011 amendments to § 1441 rendered maritime claims removable, every district judge in the Eastern District of Louisiana to consider the issue, including this one, "has maintained that general maritime law claims are not removable under § 1333 as part of the original jurisdiction of the court absent an independent basis for federal jurisdiction."[7] Defendant does not provide any reason why this Court should deviate from this result. Accordingly, for the reasons previously given by this Court and others, this matter cannot be removed on the basis of general maritime jurisdiction alone.[8] Defendant does not argue that diversity or federal question jurisdiction is present in this case.

---

[5] Alexis v. Hilcorp Energy Co., No. CV 20-2289, 2020 WL 5959744, at *5 (E.D. La. 2020) (citing In re Dutile, 935 F.2d 61, 63 (5th Cir. 1991)).

[6] *Id.*

[7] Island Ventures, LLC v. K-Mar Supply II, LLC, No. CV 20-2263, 2020 WL 6269136, at *6 (E.D. La. Oct. 26, 2020) (Brown, J.) (and cases cited therein); Riley v. Llog Expl. Co. LLC, No. CIV.A. 14-437, 2014 WL 4345002, at *4 (E.D. La. 2014) (Milazzo, J.). Defendant's Opposition points out that Judge Morgan held otherwise in *Costanza v. Accutrans, Inc.*, No. CV 17-5706, 2017 WL 4785004, at *2 (E.D. La. 2017), but that opinion offered no analysis of the issue.

[8] *See Riley*, 2014 WL 4345002, at *4; Gregoire v. Enter. Marine Servs., LLC, 38 F. Supp. 3d 749, 764 (E.D. La. 2014).

3

Defendant does contend, however, that this Court may exercise supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 if it is consolidated with the previously filed, related action. Federal Rule of Civil Procedure 42 allows the court to consolidate actions pending before it if they have a common question of law or fact. Because this matter is not properly before this Court, consolidation would likewise be improper. Further, "while supplemental jurisdiction applies to claims asserted in the same action, it does not apply to claims asserted in separate actions consolidated under Federal Rule of Civil Procedure 42."[9] "[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity."[10] Accordingly, this argument too fails. Removal was improper, and remand is appropriate.

This Court does not find, however, that an award of attorney's fees and costs for the prosecution of this motion is warranted. Given that some courts have reached a contrary conclusion on the interpretation of the 2011 amendments to § 1441, it cannot be said that Defendant had no objectively reasonable basis for removal. This request is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED, and this matter is remanded to the 17th Judicial District Court of Louisiana. Its request for attorney's fees and costs for the prosecution of this Motion is DENIED. Defendant's Motion to Consolidate is DENIED AS MOOT.

---

[9] Allen v. Occidental Fire & Cas. Co. of N. Carolina, No. CIV.A. 11-2806, 2012 WL 1118764, at *4 (E.D. La. 2012).

[10] McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982).

New Orleans, Louisiana this 15th day of December, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**